RECEIVED
IN LAKE CHARLES, LA
AUG -9 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DIRECTV, INC.** | : | **DOCKET NO. 04-0183** |
| **VS.** | : | **JUDGE MINALDI** |
| **NEIL BROUSSARD** | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM RULING

Before the Court is "Defendant's Motion in Limine to Exclude Testimony From Plaintiff's Expert Witnesses and Brief in Support" [doc. #21] wherein the mover seeks to exclude any and all testimony from Plaintiff's expert witnesses. Plaintiff, DIRECTV opposes the motion.

## FACTUAL STATEMENT

DIRECTV brings this action against Defendant, Neil Broussard, under the Cable Communications Policy Act of 1984,[1] and the Electronic Communications Policy Act.[2] DIRECTV alleges that Broussard has illegally intercepted DIRECTV's satellite programming by the use of illegal devices. DIRECTV has identified five (5) expert witnesses for trial: Bill Gatliff, Michael Barr, David Simon, Anthony Massa and Nigel Jones, who all work for Netrino, L.L.C. ("Netrino"), an engineering services company specializing in the analysis, design, and implementation of embedded systems.

---

[1] 47 U.S.C. § 521, *et seq.*

[2] 18 U.S.C. § 2511.

1

On March 16, 2005, in accordance with Federal Rule of Civil Procedure 26(a)(2), DIRECTV provided Broussard with its disclosures of expert testimony which included the experts who may testify at trial, their education, background, and professional credentials, as well as summaries of their anticipated testimony. Specifically, DIRECTV disclosed: (1) the *curricula vitae* of Michael Barr, William Massa, Nigel Jones and David Simon (DIRECTV admits that it erroneously omitted the *curriculum vitae* of William A. Gatliff, but disclosed the information to Broussard on May 5, 2005.); (2) *Expert Report and Disclosures of Bill Gatliff* dated February 3, 2005; and (3) written reports regarding the Terminator Bootloader II and the Nesignia 210 Reader/Writer upon which DIRECTV's experts may in part base their trial testimony.

Broussard seeks to have this testimony excluded because (1) the reports go well beyond the claimed area of expertise, (2) experts, Nigel Jones and William Massa failed to provide a written report, (3) William Gatliff's *curriculum vitae* was not provided to Broussard until May 5, 2005, and (4) the written report of William Gatliff does not comply with Federal Rule of Evidence 26.

## **LAW AND ANALYSIS**

A trial court is vested with broad discretion in ruling on evidentiary matters.[3] A trial court's broad discretion in evidentiary matters extends to the question of whether a witness is qualified to testify at trial as an expert.[4] Federal Rule of Evidence 702 governs the admissibility of expert testimony and provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in

---

[3] *Hill v. Bache, Halsey, Stuart, Shields, Inc.*, 790 F.2d 817, 825 (10th Cir. 1986).

[4] *Wheeler v. John Deere Co.*, 935 F.2d 1090, 1100 (10th Cir. 1991).

the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In *Daubert*, the Supreme Court has articulated the factors to determine the admissibility of expert testimony.[5] The *Daubert* factors provide that expert testimony is admissible only if the proponent demonstrates that: (1) the expert is qualified; (2) the evidence is relevant to the suit; and (3) the evidence is reliable.[6] Following threshold determinations by the trial court that an individual is qualified to testify as an expert and that such testimony is relevant, this Court must then consider the reliability of the testimony in accordance with the following, *non-exclusive* factors; (1) whether the theory or technique has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the method used; (4) the existence and maintenance of standards and controls in the methodology; and (5) whether the theory or method has been generally accepted by the scientific community.[7]

In subsequent decisions, the Supreme Court has noted that the *Daubert* factors concerning reliability are non-exclusive and should be applied flexibly by the trial court.[8] A trial court has wide latitude in deciding how to determine reliability by considering factors outside of a *Daubert* analysis.[9] As the *Daubert* court itself acknowledged, "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate

---

[5] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993).

[6] *Id.*

[7] *Daubert*, 113 S.Ct. at 2796-97.

[8] *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152, 119 S.Ct. 1167, 1176 (1999).

[9] *Id.*

means of attacking shaky, but admissible evidence."[10]

*Are the experts qualified?*

Broussard challenges the qualifications of DIRECTV experts. Netro engineers, Bill Gatliff and David E. Simon, prepared the reports at issue. Broussard specifically argues that William Gatliff is inexperienced in smart card technology and with the DIRECTV conditional access system because he has only one and one-half years of smart card experience. Mr. Gatliff's *curriculum vitae* provides that he has formal education in computer engineering. Because of his proficiency in complex programming languages he has authored numerous publications and appeared as an expert in other lawsuits. Mr. Gatliff has 13 years of programming and design experience with regard to embedded systems and he has analyzed dozens of smart card programming devices over the past one and one-half years. The embedded circuitry (and its integrity) in DIRECTV's access cards is one of the core technologies at issue in this case. He also has personally used many types of DIRECTV-piracy software in testing these programming devices.

Mr. Simon holds a Bachelor of Science Degree in mathematics, summa cum laude, Phi Beta Kappa, from Stanford University and a Master of Science Degree in mathematics, with additional PhD level work form the University of Chicago. He has authored four published books on computer science directed to amateur and professional programmers. He has worked continuously in the computer field since 1976.

The Court has carefully reviewed the experts' reports and *curriculum vitae* and concludes that these individuals have sufficient scientific, technical and specialized knowledge which will assist the trier of fact in understanding the evidence or determining the facts at issue.

---

[10] *Daubert*, 113 S.Ct. at 2798.

4

*Are Nigel Jones and William Massa precluded from giving an expert opinion based on the absence of a written report?*

Federal Rule of Civil Procedure 26(a)(2)(B) provides the following regarding the disclosure of expert reports:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. . . .

Neither Nigel Jones nor William Massa provided Broussard or this Court with their own signed written report which sets forth the substance of any direct examination in order for Broussard to have a reasonable opportunity to prepare for effective cross examination. DIRECTV gives no explanation as to why these experts failed to submit their own report. Thus, they will be precluded from testifying as experts at trial.

*Will William Gatliff be precluded from testifying as an expert?*

Broussard maintains that William Gatliff should be excluded from testifying at trial because DIRECTV was late in providing him with Gatliff's *curriculum vitae*. Broussard alleges that the deadline for designating experts is March 31, 2005. The trial of this matter is set for October 11, 2005. The Court's standing order states that ***expert reports*** are due 90 days before the trial date. Accordingly, the deadline for disclosure of expert reports in this suit is July 13, 2005. DIRECTV provided this information to Broussard on May 5, 2005. Accordingly, the Court finds no justification for excluding Gatliff's testimony at trial.

*Does William Gatliff's written report comply with Federal Rule of Civil Procedure 26?*

Broussard maintains that Gatliff's written report violates Rule 26 because "it fails to provide a complete statement of all [of the experts'] opinion and the basis and reasons therefore."[11] The court has reviewed Gatliff's expert report and disclosures. Gatliff expresses his opinions and conclusions regarding DIRECTV's conditional access system, various methods developed to circumvent this conditional access system, and DIRECTV's counter measures to protect its signal. Gatliff outlines the methodology he followed to reach his conclusion and further provides a narrative and graphical summary of each of his findings. The Court finds that Gatliff's written report complies with Federal Rule of Civil Procedure 26.

## **CONCLUSION**

For the reasons set forth above, the Court will grant Neil Broussard's motion in limine to the extent that experts, William Massa and Nigel Jones will be precluded from providing testimony at trial, otherwise the motion in limine will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this ___ day of July, 2005.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[11] Neil Broussard's Response to DIRECTV's Opposition to Motion in Limine Netrino Experts, p. 2.