UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DIRECTV, INC.** | : | **DOCKET NO. 04-0183** |
| **VS.** | : | **JUDGE MINALDI** |
| **NEIL BROUSSARD** | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM RULING

Before the Court is "Motion for Summary Judgment of Defendant Neil Broussard" [doc. #24] wherein the mover seeks to have this Court enter judgment in his favor because there is no genuine issue of material fact for trial and he is entitled to judgment as a matter of law. For the following reasons, the motion will be granted in part and denied in part.

## STATEMENT OF FACTS

DIRECTV is in the business of distributing satellite television broadcasts throughout the United States. DIRECTV transmits various digitized video and audio signals to homes and businesses nationwide to be used for entertainment purposes (the "Satellite Programming"). These signals are not intended to be usable without paying DIRECTV a fee to use its television broadcast services. To prevent the unauthorized reception and use of DIRECTV's broadcasts by individuals who have not paid for DIRECTV'S service, DIRECTV uses encryption technology to digitally scramble their signals making them unusable until unscrambled.

DIRECTV alleges that Neil Broussard has purchased and used illegal Pirate Access Devices that are designed to permit viewing of DIRECTV's television programming without authorization

by, or payment to DIRECTV. This lawsuit is brought pursuant to several federal statutes prohibiting the interception of satellite communications, including the Cable Communications Policy Act of 1984,[1] and the Electronic Communications Policy Act of 1986[2], and as an action for injunctive relief and damages for the improper receipt, transmission, and use of satellite programming signals.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-

---

[1] 47 U.S.C. § § 521, *et seq.*

[2] 18 U.S.C. § 2510, *et seq.*

[3] Fed. R.Civ. P. 56(c).

[4] *Vera v. Tue,* 73 F.3d 604, 607 (5th Cir. 1996).

[5] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

[6] *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

2

moving party, no reasonable trier of fact could find for the non-moving party.[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[8]

On summary judgment, a court first must look to substantive law to determine the essential elements of a case and who has the burden of proof on each element.[9] "After consulting the applicable substantive law to determine which facts and issues are material, we review the evidence in the light most favorable to the non-movant relating to those issues."[10] Nonetheless, to preclude the entry of summary judgment, the non-movant must make a sufficient showing on every essential element of its case for which it has the burden of proof at trial.[11] Thus, "Rule 56(c) mandates the entry of summary judgment against a party who has failed to make an evidentiary showing sufficient to establish an essential element of her case."[12]

## LAW AND ANALYSIS

*Does DIRECTV have standing pursuant to 18 U.S.C. § 2511?*

Broussard maintains that DIRECTV does not have standing to assert a civil cause of action pursuant to 18 U.S.C. § 2511 because it cannot prove that Defendant actually intercepted DIRECTV's satellite signals. However, the more proper issue before the Court is whether 18 U.S.C. 2511 even provides a private right of action. This Court has previously held that 18 U.S.C. §

---

[7] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[8] *Anderson*, 477 U.S. at 249-50.

[9] *Anderson*, 477 U.S. at 249.

[10] *Hirras v. Nat'l R.R. Passenger Corp.*, 95 F.3d 396, 399 (5th Cir. 1996).

[11] *Celotex Corp.*, 477 U.S. at 248.

[12] *Ward v. Bechtel Corp.*, 102 F.3d 199, 202 (5th Cir. 1997).

3

2511(1)(a) is a criminal provision that does not give rise to a private right of action.[13]

Section 2511(1)(a) provides the following:

(1) Except as otherwise specifically provided in this chapter any person who -

    (a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral or electronic communication;

shall be *punished* as provided in subsection (4) or shall be subject to suit as provided in subsection (5). (emphasis added).

Subsection (4) provides that:

    (a) Except as provided in paragraph (b) of this section or in subsection (5), whoever violates subsection (1) of this section shall be fined under this title and imprisoned no more than five years, or both.

    (b) Conduct otherwise an offense under this subsection that consists of or relates to the interception of a satellite transmission that is not encrypted or scrambled and that is transmitted - -

        (i) to a broadcasting station for purposes of retransmission to the general public; or

        (ii) as an audio subcarrier intended for redistribution to facilities open to the public, but not including data transmissions or telephone calls, is not an offense under this subsection unless the conduct is for the purposes of direct or indirect commercial advantage or private financial gain.

(5)(a)(I) If the communication is - -

    (A) a private satellite video communication that is not scrambled or encrypted and the conduct in violation of this chapter is the private viewing of that communication and is not for a tortious or illegal purpose or for purposes of direct or indirect commercial advantage or private commercial gain; or

(B) a radio communication that is transmitted on frequencies allocated under subpart D of part 74 of the rules of the Federal Communications Commission that is not

---

[13] See e.g., *Directv v. Green*, No. 04-0136 (LAWD July 1, 2004); *Directv v. Robertson*, No. 03-940 (LAWD June 15, 2004); *Directv v. Hammond*, No. 04-0223 (LAWD July 1, 2004).

4

scrambled or encrypted and the conduct in violation of this chapter is not for a tortious or illegal purpose or for purposes of direct or indirect commercial advantage or private commercial gain, then the person who engages in such conduct shall be subject to suit by the Federal Government in a court of competent jurisdiction.

18 U.S.C.A. § 2511.

Recently, DIRECTV's right to pursue a cause of action based on a violation of 18 U.S.C. § 2511 was upheld by the U.S. Court of Appeals for the Fourth Circuit in *DIRECTV v. Nicholas*.[14] In *Nicholas*, the court considered whether DIRECTV could maintain a civil action under the Federal Wiretap Act, 18 U.S.C. § § 2510, *et seq.* against an individual who DIRECTV alleged had intercepted the company's encrypted satellite transmissions. The Fourth Circuit held that Direct can bring an action under 18 U.S.C. § § 2511(1)(a) and 2520(a) against a person who has unlawfully intercepted such transmissions. The court distinguished between claims based on violations of § 2512, which it concluded were not permitted, and claims based on violations of § 2511, which it concluded were permitted.

This Court respectfully disagrees with the holding in *Nicholas, supra*. Section 2511(a)(1) refers to subsection (4), which is a criminal penalty. This section also refers to subsection (5), which refers only to nonencrypted signals and specifically allows the Federal Government to file a suit in a court of competent jurisdiction. The clear language of § 2511 allows no private right of action. Indeed § 2520 expressly provides that "a civil action may be brought." Section 2511 does not contain this express language. Congress clearly intended a private right of action in § 2520, however the omission of that same language in § 2511 could only mean that Congress did not intend to allow such a private right of action under § 2511.

---

[14] 403 F.3d 223 (4th Cir. 2005).

18 U.S.C. 2520(c)(1) applies damages only to communications that are not scrambled or encrypted. § 2520(c)(2) states:

> (2) In any other action *under this section*, the court may assess as damages whichever is the greater of -
>
> (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or
>
> (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.

(emphasis added)

Section 2520(2) applies to any other action *under this section*, not under § 2511. Thus, the Courts finds that DIRECTV cannot allege a violation of § 2511 by asserting a private cause of action under § 2520, because § 2520 applies only to private satellite video communications that are not scrambled or encrypted. Section § 2511 is a criminal provision that does not give rise to a private of action.

*Does DIRECTV have standing to assert a cause of action pursuant to 47 U.S.C. § 605?*

Broussard maintains that DIRECTV has no standing to assert a cause of action for an alleged violation of 47 U.S.C. § 605(e)(4) because Plaintiff's Complaint "admits a complete lack of any evidence other than the purchase of various devices."[15] Broussard asserts that in order to intercept, receive or exhibit DIRECTV Satellite Programming it is necessary to possess a number of specialized pieces of hardware and software, in addition to the pirate access devices. Broussard then states that according to DIRECTV's answer to Interrogatory No. 5, an individual must possess at a minimum, (1) a fixed outdoor satellite dish, (2) a satellite receiver designed to receive DIRECTV's

---

[15] Motion for summary judgment, p. 20.

satellite signal, (3) cabling, and (4) a DIRECTV access card. Broussard then relies on his own affidavit alleging that he did not possess this hardware and software as well as a 1999 Lease Agreement.[16]

DIRECTV submits summary judgment evidence which shows: (1) Neil Broussard purchased devices which are used for the unlawful interception of DIRECTV's programming, and devices for the purpose of illegally programming DIRECTV access cards and restoring the functionality of cards disabled through DIRECTV's EMC's; (2) the business from which Broussard sought advice on programming an access card, (4) Broussard was in the secondary market of buying and selling DIRECTV access cards and devices used to intercept DIRECTV's signal (5) and e-mail postings establishing that Broussard had access to a secondary market for DIRECTV equipment. Cumulatively this evidence demonstrates that a genuine issue of material fact exists as to whether or not Broussard had access to a secondary market for DIRECTV equipment that allowed him to intercept DIRECTV satellite signals.

*Is DIRECTV an aggrieved party?*

The Comprehensive Cable Telecommunications Act of 1984, which amended the Federal Communications Act of 1934 prohibits the unauthorized transmission, interception, reception or use of any wire or radio communication, except those transmitted for the use of the general public. The protection afforded the radio communications has been extended to television communications in this Circuit and others.[17] Under 47 U.S.C. § 605(e)(4) "[a]ny person aggrieved by any violation of

---

[16] The Lease Agreement simply states that "no antenna installations are permitted."

[17] *United States v. Harrell*, 983 F.2d 36, 39 (5th Cir. 1993); *American Television & Communication Corp. v. Floken*, 629 F.Supp. 1462, 1468 (M.D.Fl. 1986); *National Satellite Sports, Inc. v. Eliadis*, 65 F.Supp.2d 662, 665 (N.D. Ohio 1999), *aff'd*, 253 F.3d 900 (6th Cir.

subsection (a) or paragraph (4) of this subsection may bring a civil action in a United States district court or in any other court of competent jurisdiction." Broussard maintains that DIRECTV is not a "person aggrieved" pursuant to 47 U.S.C. § 605(d)(6), and thus not entitled to a civil remedy. Broussard argues that DIRECTV is not a person aggrieved because it cannot demonstrate that he actually *intercepted* Plaintiff's satellite programming signals.

DIRECTV has presented summary judgment evidence that establishes that there is a genuine issue of material fact for trial. As previously stated DIRECTV's summary judgment evidence shows that (1) Neil Broussard purchased devices which are used for the unlawful interception of DIRECTV's programming, and devices for the purpose of illegally programming DIRECTV access cards and restoring the functionality of cards disabled through DIRECTV's EMC's; (2) the business from which Broussard sought advice on programming an access card, (4) Broussard was in the secondary market of buying and selling DIRECTV access cards and devices used to intercept DIRECTV's signal (5) and e-mail postings establishing that Broussard had access to a secondary market for DIRECTV equipment. Thus, there is a genuine issue of material fact as to whether or not DIRECTV is a person aggrieved and entitled to a civil remedy under § 605(e)(4).

## CONCLUSION

Based on the foregoing, the motion for summary judgment will be GRANTED, in part, to the extent that DIRECTV cannot assert a cause of action pursuant to 18 U.S.C. § 2511. The motion for summary judgment will be DENIED, in part, to the extent that DIRECTV that there is a genuine issue of material fact for trial as to whether DIRECTV is an aggrieved party pursuant to 47 U.S.C. § 605 and whether or not Neal Broussard had access to a secondary market for DIRECTV equipment

---

2001)("Satellite signals constitute "radio" signals for purposes of § 605").

that allowed him to intercept DIRECTV satellite signals.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this ___9___ day of August, 2005.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE