
RECEIVED
IN LAKE CHARLES, LA


NOV 3 0 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DIRECTV, Inc.,** | § | |
| Plaintiff, | § § § | No. CV 04-0183-L-C |
| v. | § § | JUDGE MINALDI |
| **NEIL BROUSSARD,** | § § | MAGISTRATE JUDGE WILSON |
| Defendant. | § § | |

## *CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER*

It appearing to the Court that certain documents and other information in this case contain trade secrets, proprietary information, or other confidential information, and that the disclosure of such information outside the confines of this lawsuit could cause serious financial or competitive harm, and consequential damages, including but not limited to civil damages, and it further appearing that the parties have agreed to the entry of this Order to preserve and maintain the confidentiality of these documents and information of DIRECTV, Inc. ("DIRECTV"), and others, including but not limited to the confidentiality of documents and information of any parent company, subsidiary or affiliate of DIRECTV contained therein; The Court orders the following protective measures be implemented in the interest of all the parties and the furtherance of justice and applies to all parties to the lawsuit.

It is, therefore, ORDERED, ADJUDGED AND DECREED that:

1. For purposes of this Confidentiality Order, "Pro Se Defendant Neil Broussard/Attorneys' Eyes Only Documents" shall include any documents that a Party or its counsel designate as confidential based upon a good faith belief that the designation is

appropriate because the document contains proprietary or confidential business or financial information, trade secrets, or non-public information of a commercially sensitive, personal, or private nature. Pro Se Defendant Neil Broussard/Attorneys' Eyes Only Documents may include information of whatever kind, including but not limited to written information or information otherwise recorded on any medium including, without limitation, paper, photographs, recordings, and electronic, optical, or magnetic disks or files.

"Pro Se Defendant Neil Broussard/Attorneys' Eyes Only Documents" shall include any and all confidential settlement agreements which Plaintiff DIRECTV, Inc. entered into with LiSang and other distributors, dealers, sellers, vendors or shippers of pirate access devices who distributed, sold and/or shipped devices primarily designed to intercept DIRECTV's signal without authorization to Defendant Neil Broussard.

Confidential Information, includes but is not limited to, documents that contain "current technology" and/or "proprietary information." "Current technology" has been generally identified by DIRECTV's witnesses and generally relates to those descriptions of methods of satellite signal piracy capable of being used to continue pirating DIRECTV's satellite signal today. "Proprietary information" of DIRECTV, includes (1) satellite signal encryption methods and (2) technology relating to DIRECTV's modes and methods of electronically combating piracy relating to "past and/or current technology."

2. For purposes of this Confidentiality Order, "Pro Se Defendant Neil Broussard/Attorneys' Eyes Only Information" shall include any information that a Party or its counsel designates as confidential based upon a good faith belief that the designation is appropriate because of the proprietary or confidential business or financial nature of the

information, trade secrets contained in the information, or the non-public, sensitive, personal, or private nature of the information.

"Pro Se Defendant Neil Broussard/Attorneys' Eyes Only Information" shall include any information whatsoever relating to DIRECTV, Inc.'s Electronic Counter Measures, including but not limited to any description of this technology, whether past or present, any identification of individuals responsible for the decision to employ them, any information regarding when a decision was made to put electronic countermeasures into effect, any information regarding the dates these measures were put into effect and any information regarding what DIRECTV intended to accomplish through the use of these electronic countermeasures.

"Pro Se Defendant Neil Broussard/Attorneys' Eyes Only Information" shall include any information contained in confidential settlement agreements which Plaintiff DIRECTV, Inc. entered into with LiSang and other distributors, dealers, sellers, vendors or shippers of pirate access devices who distributed, sold and/or shipped devices primarily designed to intercept DIRECTV's signal without authorization to Defendant Neil Broussard.

       3. Confidential information or documents shall also include any information or documents previously subject to protective order by any Court and/or any additional information in the possession of either party or its counsel designated as confidential pursuant to paragraphs (1) and (2) of this Order. Such designation shall occur either by marking subject documents as confidential and protected by court order or by opposing counsel/pro se defendant's written correspondence or pleading that designates confidential information with reasonable particularity.

       4. If opposing counsel/pro se defendant desires to challenge the claim of confidentiality, opposing counsel/pro se defendant may move the Court for an order on the issue.

5. The filing of a motion described in paragraph 4 by opposing counsel/pro se defendant shall not remove the Identified Documents or Information from the protections set forth in this Confidentiality Order. Until the Parties resolve the dispute among themselves or the Court resolves the dispute regarding whether the Identified Documents or Information are Confidential Documents or Confidential Information entitled to the protections set forth in this Confidentiality Order, the Identified Documents or Information shall retain the protections set forth in this Confidentiality Order.

6. The Parties agree that Confidential Documents and Confidential Information shall not be disclosed, directly or indirectly, to anyone other than the Pro Se Defendant Neil Broussard and/or attorneys for DIRECTV, Inc. No party shall post the material designated Pro Se Defendant Neil Broussard/Attorneys' Eyes Only Documents and Pro Se Defendant Neil Broussard/Attorney's Eyes Only Information on any Internet website. Pro Se Defendant Neil Broussard and attorneys for DIRECTV are automatically bound by the provisions of this Protective Order. Nothing in this Confidentiality Order prevents any Party from disclosing Pro Se Defendant Neil Broussard/Attorneys' Eyes Only Documents and Pro Se Defendant Neil Broussard/Attorney's Eyes Only Information to the Court or jury empanelled at the trial of this case, subject to such protections as the Court may order with respect to the treatment of Pro Se Defendant Neil Broussard/Attorney's Eyes Only Documents and Pro Se Defendant Neil Broussard/Attorney's Eyes Only Information at trial.

7. If Pro Se Defendant Neil Broussard/Attorney's Eyes Only Documents or Information is subpoenaed or requested by any court, administrative or legislative body, or any other person purporting to have authority to subpoena or request such information, the party to whom the subpoena or request is directed shall give written notice of the subpoena or request

(including delivery of a copy thereof) to opposing counsel/pro se defendant not less than five business days prior to the time when production of the information is requested by the subpoena or request. In the event that the subpoena or request purports to require production of such Pro Se Defendant Neil Broussard/Attorney's Eyes Only Documents or Information on less than five days' notice, the party to whom the subpoena or request is directed shall give immediate telephonic notice of the receipt of such subpoena or request, and forthwith deliver by hand or facsimile a copy thereof, to opposing counsel/pro se defendant. Absent application by opposing counsel/pro se defendant for a protective order or a motion to quash, the opposing counsel/pro se defendant may comply with the subpoena or request. If the opposing counsel/pro se defendant makes an application for a protective order or moves to quash before the return date, the opposing counsel/pro se defendant shall not produce such Pro Se Defendant Neil Broussard/Attorney's Eyes Only Documents or Information prior to receiving a court order authorizing such disclosure or the consent of the opposing counsel/pro se defendant. The obligations under this paragraph shall terminate upon execution and delivery of the opposing counsel/pro se defendant's certificate set out in paragraph 12 of this Confidentiality Order.

8. The inadvertent, unintentional, or *in camera* disclosure of Pro Se Defendant Neil Broussard/Attorney's Eyes Only Documents and Pro Se Defendant Neil Broussard/Attorney's Eyes Only Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality. If Pro Se Defendant Neil Broussard/Attorney's Eyes Only Documents or Pro Se Defendant Neil Broussard/Attorney's Eyes Only Information is inadvertently produced without the appropriate designation of confidentiality, the Receiving Party of such documents and/or information shall, upon notice of

the confidential status of the documents or information, treat the documents or information as if it had been appropriately designated confidential at the moment it was produced.

9. The Parties and all persons subject to the provisions of this Confidentiality Order agree to use Pro Se Defendant Neil Broussard/Attorney's Eyes Only Documents and Pro Se Defendant Neil Broussard/Attorney's Eyes Only Information solely and exclusively for purposes of preparing for, conducting, and participating in this Action and not for any other litigation and not for any other business purpose, personal purpose, or other purpose whatsoever. The Parties and all persons subject to the provisions of this Confidentiality Order shall not disclose to any third parties the fact that they have Pro Se Defendant Neil Broussard/Attorney's Eyes Only Documents and Pro Se Defendant Neil Broussard/Attorney's Eyes Only Information in their custody or possession.

10. Nothing in this Order is to be construed or used as a waiver of any procedural or evidentiary objections or privileges under either the Federal Rules of Civil Procedure, Federal Rules of Evidence, or to the extent applicable, various state Rules of Civil Procedure or state Rules of Civil Evidence. The designation of "Confidential Information" pursuant to this Order shall not be construed as a concession by any party that such information or any part of any document or thing is relevant to any matter at issue in the Action. Each Party reserves the right to object to or to seek an appropriate order limiting any use which any other Party may seek to make of such Pro Se Defendant Neil Broussard/Attorney's Eyes Only Documents or Pro Se Defendant Neil Broussard/Attorney's Eyes Only Information.

11. The Parties agree that no copies of Pro Se Defendant Neil Broussard/Attorney's Eyes Only Documents or Pro Se Defendant Neil Broussard/Attorney's Eyes Only Information produced by any Party will be made except as necessary for the purposes

of this Action. If it becomes necessary to include information obtained from Pro Se Defendant Neil Broussard/Attorney's Eyes Only Documents or Pro Se Defendant Neil Broussard/Attorney's Eyes Only Information or to use such Attorney's Eyes Only Documents or Attorney's Eyes Only Information in any court filing, then any such filing shall be made under seal, if not prohibited by law.

12. Upon the conclusion of the Action, all Pro Se Defendant Neil Broussard/Attorney's Eyes Only Documents and Pro Se Defendant Neil Broussard/Attorney's Eyes Only Information, and all copies, extracts, summaries, facsimiles thereof, and all electronically, optically, or magnetically stored information of any kind including, without limitation, diskettes, compact disks, computer files, and similar storage media ("Electronically Stored Documents") shall be destroyed or deleted, uninstalled, or otherwise removed from each computer, diskette, compact disk, computer file, and any other storage media. Additionally, a sworn certificate attesting to the destruction and electronic file deletion and indicating that no electronic information has been retained shall be executed by each party and by counsel for each party and delivered to all parties within 120 days after the conclusion of the case, including any appeal. Notwithstanding the above, briefs, pleadings, written discovery responses, transcriptions of testimony, other court papers prepared for use in the Litigation and attorney work product or attorney-client privileged materials containing or referring to Pro Se Defendant Neil Broussard/Attorney's Eyes Only Information, or information derived therefrom, need not be destroyed, but shall be kept confidential and remain subject to the provision hereof.

13. The Parties agree that nothing herein is intended to alter or diminish the protections of the attorney-client privilege or the work-product doctrine.

14. Because a violation of this Confidentiality Order could cause irreparable injury, and there is no adequate remedy at law for such violation, the Parties shall have the right, in addition to any other remedies available to them at law or in equity, to seek to an injunction for any violation of this Confidentiality Order.

15. This Confidentiality Order shall inure to the benefit of, and be binding upon, the Parties and their respective successors, heirs, agents, personal representatives, and assigns.

16. Any individual or entity who becomes a party to this Action and who has not subscribed to this Confidentiality Order as of the time it is presented to the Court for approval and entry may thereafter become a party to this Confidentiality Order by having its counsel sign and date a copy thereof and filing same with the Court and serving such signed copy upon the other Parties to this Confidentiality Order.

17. Any documents produced by a non-party witness in discovery in this Action pursuant to subpoena or otherwise may be designated by such non-party or by any Party or counsel for any Party as "Pro Se Defendant Neil Broussard/Attorney's Eyes Only" under the terms of this Confidentiality Order, and such designation shall have the same force and effect, and create the same duties, obligations, and remedies, as if made by one of the undersigned Parties hereto.

18. Any time limit contemplated by this Confidentiality Order may be extended by an agreement in writing, signed by pro se defendant Neil Broussard and counsel of record for DIRECTV, Inc.

19. This Confidentiality Order is the entire agreement between the Parties. It may not be amended in any manner whatsoever except by an agreement in writing, signed by

counsel of record for DIRECTV, Inc. and Defendant Neil Broussard and adopted by Order of this Court.

   IT IS SO ORDERED this 30th day of Nov., 2005.

              /s/ Hurmye P. W.
              UNITED STATES DISTRICT JUDGE