


RECEIVED
IN LAKE CHARLES, LA

DEC 2 7 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **IN RE: DIRECTV, INC** | : | **DOCKET NO. 2:04 CV 0183** |
| **VS.** | : | **JUDGE MINALDI** |
| **NEIL BROUSSARD** | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM RULING

Presently before the court is the defendant's Motion for a Jury Trial [doc. 94]. This motion has been opposed by Directv, Inc.

Rule 38 of the Federal Rules of Civil Procedure states:

**"Rule 38. Jury Trial of Right**

**(a) Right Preserved.** The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.

**(b) Demand.** Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.

**(c) Same: Specification of Issues.** In the demand a party may specify the issues which the party wishes so tried; otherwise the party shall be deemed to have demanded trial by jury for all the issues so triable. If the party has demanded trial by jury for only some of the issues, any other party within 10 days after service of the demand or such lesser time as the court may order, may serve a demand for trial by jury of any other or all of the issues of fact in the action.

**(d) Waiver.** The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

**(e) Admiralty and Maritime Claims.** These rules shall not be construed to

create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h)."

Federal Rules of Civil Procedure Rule 38.

The defendant in the instant case did not comply with the time requirements of Rule 38. But this does not end the court's analysis. Rule 39 of Federal Rules of Civil Procedure states:

**"Rule 39. Trial by Jury or by the Court**

**(a) By Jury.** When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States.

**(b) By the Court.** Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

**(c) Advisory Jury and Trial by Consent.** In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury or, except in actions against the United States when a statute of the United States provides for trial without a jury, the court, with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right."

Federal Rules of Civil Procedure Rule 39 ()

A judge can order a jury trial under Fed.R.Civ.P. 39(b). Federal Rule of Civil Procedure 39 (b) states that a rule 39(b) motion is discretionary with the judge. Despite "the general principle that a court should grant a jury trial in the absence of strong and compelling reasons to the contrary" *Mesa Petroleum Co. v. Coniglio,* 629 F.2d 1022, 1029 (5th Cir.1980). "It is not an abuse of discretion by a District Judge to deny a Rule 39(b) motion ⋯when the failure to make a timely jury demand results from mere inadvertence on the part of the moving party." *Bush,* 425 F.2d at 396. *See O'Malley v. United States Fidelity and Guaranty Co.,* 776 F.2d 494,

2

502 (5th Cir.1985); *Fredieu v. Rowan Cos., Inc.,* 738 F.2d 651, 654 (5th Cir.1984); *Rhodes v. Amarillo Hosp. Dist.,* 654 F.2d 1148, 1154 (5th Cir.1981); *Mesa Petroleum Co.,* 629 F.2d at 1029 (finding no abuse of discretion despite stating the "strong and compelling reasons to the contrary" principle). *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services,* 925 F.2d 866, 873 (C.A.5 (Tex.),1991).

The Eleventh Circuit, in *Parrott v. Wilson,* 707 F.2d 1262, 1267 (11th Cir.), cert. denied, 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983), considered five factors that district courts should consider in the exercise of discretion under Rule 39(b):

(1) whether the case involves issues which are best tried to a jury;

(2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;

(3) the degree of prejudice to the adverse party;

(4) the length of the delay in having requested a jury trial; and

(5) the reason for the movant's tardiness in requesting a jury trial.

*See also Daniel Intern. Corp. v. Fischbach & Moore, Inc.,* 916 F.2d 1061, 1064 (C.A.5 (Tex.),1990) *Quillin v. Penrod Drilling Co.,* 648 F.Supp. 462, 463-64 (E.D.Tex.1986).

This suit was brought pursuant to federal laws prohibiting the interception of electronic communications and involves technical issues that are best tried before a judge. Granting a jury trial this far into the proceedings would prejudice the plaintiff. The case at bar has been filed since 2003. Trial is set for January 17, 2006. This matter has been designated as a bench trial since 2003. The fact that the defendant was not aware that he could ask for a jury trial is not persuasive. This is only one risk of choosing to represent oneself and the court has advised the defendant of the dangers of his decision repeatedly. Broussard's request is

3

untimely and will be denied.

Lake Charles, Louisiana, this 27 day of December, 2005.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE